IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELANA N. FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:09CV620-MHT |
| ) | |
| OZARK HEALTH AND REHAB, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 13, 2009, plaintiff's attorneys were allowed to withdraw from this case. (Doc. # 12). The reason cited by plaintiff's attorneys for the motion was that "[c]ommunications with client have proven very difficult. Client has been uncooperative with requests made by counsel. Numerous attempts to contact client via mail and telephone have been made, resulting in no response from client or false promises of cooperation." (Docs. # 10, 11).

Defendant filed a motion to dismiss or, in the alternative, for sanctions on March 16, 2010. With the motion, defense counsel offered evidence that:

(1) On November 20, 2009, he provided initial disclosures to plaintiff and explained to her that she was also required to provide initial disclosures to him, and she was three months past due in meeting her obligation. He asked her forward her initial disclosures within thirty days. As of the date of the motion, she had not provided initial disclosures.

(2) In December, he served written discovery requests on the plaintiff. When plaintiff called his office, he spoke with her and told her that she needed to provide written answers

and documents in response to the discovery requests. He further explained that he would need to take her deposition, and that she would need to appear in person at the deposition and answer questions under oath, and she responded that she understood. He again reminded plaintiff of the requirement to provide initial disclosures.

(3) On December 13, 2009, he served plaintiff with a deposition notice, setting her deposition for 10:00 a.m. on Friday, February 19, 2010, at the Hampton Inn in Troy, Alabama.

(4) Plaintiff called defense counsel's office on January 21, 2010 to inquire about the deposition notice. Counsel again explained that she would need to appear at the stated time and place and answer questions under oath. He asked her if she were going to attend the deposition and she responded that she was going to "see this thing through." Upon inquiry by defense counsel, plaintiff stated that she would be providing initial disclosures and responding to the written discovery requests.

(5) Defense counsel sent plaintiff a letter on January 26, 2010, requesting that she respond to the discovery requests and provide her initial disclosures.[1]

(6) On February 2, 2010, plaintiff provided a partial response to the discovery request.

---

[1] In this letter, he indicated that he would not proceed with the deposition until he had plaintiff's initial disclosures and discovery responses. While the court acknowledges that this letter might have confused plaintiff about her obligation to appear, since she had not provided initial disclosures, plaintiff has failed to respond to the motion as directed by the court. Accordingly, there is no evidence before the court that plaintiff was confused by the January 26, 2010 letter.

(7) On February 19, 2010, plaintiff did not appear for her 10:00 deposition. Counsel waited until 10:30 for her, checked the lobby to see whether she had arrived, then left after making a record of her absence. At 12:30 that day, plaintiff called defense counsel and asked if she were supposed to meet with him that day. She told him that she had not understood that to be the case. She did not contact defense counsel at any time prior to the scheduled deposition to tell him that she could not or would not appear.

(8) The defendant incurred costs and attorneys fees in the amount of $6,239.47 in connection with the failed attempt to depose the plaintiff, including attorney fees for preparation, travel and attendance, court reporter fees, and travel and hotel costs.

By order entered on March 19, 2010, the court directed plaintiff to respond to defendant's motion. The court directed plaintiff to "address each and every contention raised by defendant in the motion." In the same order, the court set this matter for a conference at 4:00 p.m. on April 14, 2010. The order warned plaintiff that "her failure to comply with this order or her failure to appear for the scheduled conference may result in dismissal of this action." (Doc. # 15). Plaintiff failed to comply with the court's order to respond to defendant's motion and to address each and every contention raised by defendant. Plaintiff further failed to appear for the conference as ordered. The court and defense counsel waited fifteen minutes passed the scheduled time, but plaintiff did not appear. She has not contacted the court to explain her absence.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

3

move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

Because plaintiff did not respond to the contentions set forth in defendant's motion, defendant counsel's supporting affidavit is unchallenged and the court accepts it as true. Taken together with plaintiff's failure to cooperate with her own attorneys, her failure to comply with this court's order to respond to defendant's motion, and her failure to appear before the court for a conference – despite a warning that her failure to comply with the court's order might result in dismissal – the court finds that plaintiff has engaged in both contumacious conduct and a willful pattern of delay. See Giles v. Wal-Mart Distribution Center, 2009 WL 5064351, *2 (11th Cir. Dec. 28, 2009)(citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) for the proposition that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). The court further finds that, because this case cannot proceed without plaintiff's participation and plaintiff has chosen not to participate, lesser sanctions than a dismissal without prejudice would not suffice.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss be GRANTED, and that this case be DISMISSED without prejudice

pursuant to Fed. R. Civ. P. 41(b) and this court's inherent authority to enforce its orders.[2]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 3, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 19th day of April, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] See Bethel v. Baldwin County Bd. of Education, 2010 WL 1220810 (11th Cir. Mar. 30, 2010)("'In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation.'")(quoting Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)).